UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  08-23563-CIV-KING/BANDSTRA

ALEXANDER SANTOS, and all others )
similarly situated under 29 USC 216(B), )
                                        )
         Plaintiff                      )
    vs.                                 )
                                        )
CCT CORPORATION,                        )
CAROLINA LOYOLA,                        )
And CHRISTIAN OLLINO                    )
                                        )
         Defendant                      )

**JOINT PRETRIAL STIPULATION**

Pursuant to Fed.R.Civ.P.26(a)(3) and S.D.Fla.L.R. 16.1.E, Plaintiff and Defendants, by and through their undersigned counsel, hereby submit their joint pretrial stipulation.

**1.   SHORT CONCISE STATEMENT OF THE CASE**

   **A.   Plaintiffs' Claims and Statement of the Case**

This matter sounds under the Fair Labor Standards Act for unpaid wages not paid to Plaintiff when he was employed by Defendants as a security guard.  ("FLSA"). Plaintiff's overtime claims are valued as set forth in the Amended Complaint.  Plaintiff also seeks a jury award regarding retaliatory discharge as Plaintiff states he was fired for asserting his rights under the FLSA.  Plaintiff seeks all damages set forth in the Amended Complaint along with fees and costs.

   **B.   Defendants' Defenses and Statement of the Case**

Plaintiff performed work for CCT Corporation from August 12, 2008 to October 28, 2008. According to Plaintiff's timecards and paychecks, Plaintiff worked a total of 75.68 hours overtime and is owed $340.56. The decision to terminate Plaintiff was made by Carolina Loyola after she was

told by Nelson Jaramillo that Plaintiff's services were no longer needed, that there was less production work in the warehouse, that Plaintiff was working at a slow pace and that Plaintiff previously threatened a co-worker, Adrian Reyes, with violence. Defendants are unaware of any complaints of failure to pay overtime made by Plaintiff prior to his separation from employment.

**2.     The Basis of Federal Jurisdiction**

This is an action to recover alleged money damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216. Jurisdiction of this Court is invoked by the Plaintiff, pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon this Court in a civil action, to recover damages or to secure equitable relief, under any act of Congress providing for the protection of civil rights, and pursuant to 42 U.S.C. §2000e et. seq.

FLSA coverage / subject matter jurisdiction has been found as a matter of law per the Court's Order Granting Plaintiff's Motion for Summary Judgment [DE 38]; therefore, no evidence on gross income or interstate commerce will need to be proven.

**3.     Pleadings Raising the Issues**
        A.     Amended Complaint and Jury Demand.
        B.     Answer to Amended Complaint.

**4.     A List of All Undisposed Motions or Other Matters Requiring Action by the Court**
        A.     Defendants' Motion for Substitution of Counsel

5. **Concise Statement of Uncontested Facts Which Will Require No Proof at Trial**

    A.    As FLSA Jurisdiction has been established per the Court's Order Granting Plaintiff's Motion for Summary Judgment [DE 38], no evidence on gross income or interstate commerce will need be proven at trial accordingly.

    B.    Individual liability under the FLSA as to both Defendants Carolina Loyola and Christian Ollino has been established per the Court's Order Granting Plaintiff's Motion for Summary Judgment [DE 38], no evidence of the individual Defendants' operational control will need be proven. If the corporate Defendants are found to be liable, then the individual Defendants will also be liable.

    C.    Plaintiff was an employee of the Defendants and not an independent contractor per the Court's Order Granting Plaintiff's Motion for Summary Judgment [DE 38].

    D.    Defendants liability as to the overtime claim has already been established, Pursuant to the Court's Order granting Partial Summary Judgment.

6. **Issues of Fact Which Require Proof at Trial**

**For the Plaintiffs:**

    A.    The hours Plaintiff worked in excess of 40 hours per week, and the amount of Plaintiff's overtime and liquidated damages to be awarded.

    B.    Whether Defendants retaliated against Plaintiff, and if so the amount of damages.

**For the Defendants:**

    A.    Whether Plaintiff complained of overtime violations prior to October 28, 2008.

    B.    Whether Defendant was aware of Plaintiff's complaints of overtime violations

      prior to October 28, 2008.

   C.   Whether Plaintiff was terminated in retaliation for overtime complaints.

   D.   The amount of damages, if any, Plaintiff has incurred as a result of the alleged retaliatory discharge.

**7.   Concise Statement of Issues of Law on Which There is Agreement**

See No. 5 above regarding jurisdiction and individual liability.

**8.   Issues of Law Remaining for Determination by the Court**

<u>**For the Plaintiffs**</u>:

A.  Liquidated damages depending on the jury determination.

<u>**For the Defendants**</u>:

A.  Whether Defendant intentionally violated the FLSA.

B.  Whether Plaintiff was terminated in retaliation for complaining of overtime violations.

C.  The amount of reasonable attorney fees and costs owed to Plaintiff for prevailing on the overtime violation.

D.  Whether Defendants are entitled to attorney fees and/or costs based on the offer of judgment refused by Plaintiff. [1]

**9.   Trial Exhibits**

   A.   Plaintiffs' Exhibit List is attached as "Exhibit A."

   B.   Defendants' Exhibit List is attached as "Exhibit B."

**10.  Trial Witnesses**

    A.      Plaintiffs' Trial Witness List is attached as "Exhibit C."

    B.      Defendants' Trial Witness List

           Carolina Loyolo
           111250 NW 25 St, Suite 114
           Miami FL 33172

           Adrian Reyes [2]
           1062 West 78 St. # 16
           Hialeah FL 33014

**11.**    **Estimated Trial Time**

The Plaintiff estimates that this will be a 2 day jury trial.

The Defendants estimate a one day trial.

**12.**    **Estimate of Attorneys' Fees**

    A.      Plaintiffs' attorneys fees are estimated at $70,000 through trial.

    B.      Defendants' attorneys fees are estimated at $10,000 from the offer of judgment through trial. [3]

Dated: July 2, 2009                          Dated: July 2, 2009

J. H. ZIDELL, P.A.                        RANDY A. FLEISCHER LAW OFFICES
ATTORNEYS FOR PLAINTIFF          ATTORNEY FOR DEFENDANTS
300-71ST STREET, SUITE 605           8258 STATE ROAD 84
MIAMI BEACH, FLORIDA 33141         DAVIE, FL 33324

By: /s Isaac Mamane                     By: /s/ R. Fleischer
Isaac Mamane, Esquire                  Randy A. Fleischer
Florida Bar No.: 0044561                 Florida Bar No.: 910546
PH: 305-865-6766                           PH: 954-472-8401
FAX: 305-865-7167                        FAX: 954-472-8446
Mamane@gmail.com                     randy@rafesq.com

---

1 Plaintiff disputes that a Rule 68 Offer of Judgment was ever submitted by the Defendants.
2 Plaintiff objects to Adrian Reyes being called as a witness as it is improper pursuant to the Court's Order Striking Summary Judgment; Granting Motion to Strike on May 26, 2009.
3 Plaintiff disputes that a Rule 68 Offer of Judgment was ever submitted by the Defendants.

6